## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| DEBRA PARTRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-741-GMB |
| | ) | |
| KILOLO KIJAKAZI,[1] Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

On April 18, 2017, Plaintiff Debra Partridge filed an application for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged disability onset date is January 29, 2017. Partridge's application was denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on February 14, 2019, and denied Partridge's claims on March 22, 2019. Partridge requested a review of the ALJ's decision by the Appeals Council, which declined review on April 14, 2020. As a result, the ALJ's decision became the final decision

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

of the Commissioner of the Social Security Administration (the "Commissioner") as of April 14, 2020.

Partridge's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 10. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court will deny the motion to remand (Doc. 13) and affirm the decision of the Commissioner.

## I. STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the

---

[2] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning

to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Partridge bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

    (1) Is the claimant presently unable to engage in substantial gainful activity?
    (2) Are the claimant's impairments severe?
    (3) Do the claimant's impairments satisfy or medically equal one of the

specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4) Is the claimant unable to perform her former occupation?

(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. RELEVANT FACTUAL BACKGROUND

Partridge was born on October 20, 1959 and was 57 years old on her alleged onset date. R. 414 & 440. Her primary complaints are pain she attributes to spinal stenosis, diverticulitis, and fibromyalgia. R. 299–302. She contends that her stomach, back, arthritis, fibromyalgia, and lack of sleep prevent her from having the ability to work. R. 307. In her disability report, Partridge alleged the following medical conditions: spinal stenosis, diabetes, diverticulitis, hypertension, hypothyroidism, heart attack, mood swings, arthritis, joint stiffness, and back pain.

R. 444.

Partridge graduated high school and completed about two years of college. R. 296. She received a certification in business administration from Gadsden Business Collage. R. 297. She has past work experience as an office manager, a position she held with the same company for about 32 years. R. 297, 307 & 446.

Partridge testified that she has pain throughout the day and cannot sleep because of the pain in her shoulders, hip, and lower back. R. 299 & 302. The pain sometimes radiates to her ankles. R. 299. She rests and takes Aleve for her pain and has to lay down two to three hours per day on "most days." R. 299–300. She averages about three "good" days per week when she does not wake up with pain and nausea and is able to sleep at night. R. 300. Partridge testified that she is unable to sit in the same position for more than an hour to an hour and a half. R. 302–03. After that, she has to get up, change positions, and walk around briefly. R. 302. Even so, she cannot stand for long and walking is difficult. R. 303. She estimates she can lift about 10 pounds comfortably. R. 304.

On a normal day, Partridge wakes up, makes her coffee, reads her Bible, and prays. R. 304. She then has breakfast and may do some light laundry or housework. R. 304. Some days she visits her mother. R. 304. She used to help her mother with housework and garden, but she is no longer able to do those things. R. 304–05.

The ALJ issued his decision on March 22, 2019. R. 237. Under step one of

the five-step evaluation process, he found that Partridge has not engaged in substantial gainful activity since January 29, 2017. R. 228. The ALJ concluded that Partridge suffers from the severe impairments of degenerative disc disease of the lumbar and cervical spine with a history of cervical discectomy and hardware placement, history of myocardial infarction, obesity, and osteoarthritis.[3] R. 228–31. The ALJ noted that these medically determinable impairments cause more than minimal limitations to her ability to perform basis work activities. R. 228. But the ALJ concluded at step three of the analysis that none of Partridge's impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 231–32.

Before proceeding to the fourth step, the ALJ determined that Partridge had the residual functional capacity ("RFC") to perform a limited range of light work. R. 232. More specifically, the ALJ found that Partridge had the following limitations with respect to light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b):

> occasional climbing of stairs or ramps; never climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; avoidance of unprotected heights and dangerous moving machinery; and occasional reaching overhead.

R. 232. At the fourth step, the ALJ considered Partridge's age, education, work

---

[3] The ALJ found Partridge's other alleged impairments to be non-severe. R. 228–31. Partridge does not challenge these findings, other than stating that "[d]espite the medical evidence of spinal stenosis, the ALJ failed to find spinal stenosis as a severe impairment." Doc. 12 at 19. She provides no legal analysis related to this statement or the ALJ's alleged failure. The court therefore does not deem this argument to be presented properly for review.

experience, and RFC in determining that she was capable of performing her past work as an office manager. R. 336. Therefore, the ALJ concluded that Partridge was not disabled within the meaning of the Social Security Act from January 29, 2017 through March 22, 2019, the date of the decision. R. 236–37. Based on these findings, the ALJ denied Partridge's application for benefits. R. 236–37.

## IV. DISCUSSION

Partridge's attack on the ALJ's decision is two-fold. First, Partridge filed a challenge to the Commissioner's denial advancing five arguments. Specifically, she contends that (1) the ALJ erred in finding that she does not have an impairment that meets Listing 1.04; (2) the ALJ erred when he found that she can perform her past relevant work; (3) the ALJ's RFC finding is not supported by substantial evidence, is conclusory, and violates SSR 96-8p; (4) the ALJ failed to credit her excellent work history; and (5) the vocational expert testimony was not based on a correct statement of her limitations and impairments. Doc. 12 at 17–30. Second, while this challenge was pending, Partridge filed a motion to remand (Doc. 13) based on sentence four and sentence six of 42 U.S.C. § 405. The court addresses the motion to remand and then moves on to the five arguments in her general challenge of the ALJ's decision.

## A. Motion to Remand

Partridge filed a Motion to Remand pursuant to sentence four and sentence six of 42 U.S.C. § 405. Doc. 13. Sentence four of 42 U.S.C. § 405(g) gives the court

"power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). On the other hand, sentence six of 42 U.S.C. § 405(g) provides the "sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram*, 496 F.3d at 1267. "The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). A remand to the Commissioner is proper under sentence six when new material evidence that was not incorporated into the administrative record for good cause comes to the attention of the district court. *See Milano v. Bowen*, 809 F.2d 763, 766–67 (11th Cir. 1987); *Cherry v. Heckler*, 760 F.2d 1186, 1193–94 (11th Cir. 1985).

Although Partridge alleges that the court should remand under sentence four based on the ALJ's discounting of the opinions of Dr. Daniel Price and Dr. Jane Teschner and failure to consider the side effects of her medication (Doc. 13 at 1),

she does nothing more. She does not identify where these opinions are located in the record, describe their substance, or explain the particular side effects of her medication. She does not analyze or explain how the opinions conflict with the ALJ's decision. The court cannot guess at Partridge's arguments and must deem her sentence four remand request to have been abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

As for her request for remand under sentence six, Partridge submitted a Notice of Award dated August 20, 2020.[4] Doc. 13-1. The Notice of Award was based on another application for disability benefits and advised Partridge that she had been determined to be disabled as of March 29, 2020. Doc. 13-1. A later favorable decision is not evidence for purposes of remand pursuant to sentence six of § 405(g). *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015). The August 20, 2020 Notice of Award alone does not constitute newly discovered evidence warranting remand of this case.[5]

---

[4] Partridge alludes to additional medical evidence (Doc. 13 at 7) but did not submit that evidence to the court.

[5] Partridge's reliance on *Lindsey v. Commissioner of Social Security*, 741 F. App'x 705, 710 (11th Cir. 2018), is misplaced. In *Lindsey*, the Eleventh Circuit noted that a subsequent favorable decision is not newly discovered evidence, but the evidence supporting a subsequent favorable decision may constitute newly discovered evidence. *Id*. Partridge, however, has not identified any evidence underlying the August 20, 2020 Notice of Award that was not considered in the course of adjudicating her first applications for DIB and SSI.

## B.     Listings

To meet the requirements of a Listing, a claimant must "have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d). The Listings of Impairments in the Social Security Regulations identify impairments so severe as to prevent a person from engaging in gainful activity. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1.  If a claimant meets a listed impairment or otherwise establishes an equivalence, the regulations conclusively presume a disability. *See* 20 C.F.R. § 416.920(d).  To meet a Listing, a plaintiff's impairment must "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).  The burden is on Partridge to show that her impairments meet a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).

Listing 1.04 provides as follows:

1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis, confirmed by an operative note or pathology

report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ found that the medical evidence did not establish nerve root compression, spinal stenosis, or lumbar spinal stenosis, as required by Listing 1.04. R. 231. He noted that "[t]here is no indication of an inability to ambulate effectively, as defined in 1.00(B)(2)(b), or an inability to perform fine and gross motor movements effectively, as defined in 1.00(B)(2)(c)." R. 231.

Substantial evidence supports this finding. An examination on January 25, 2017, four days before her alleged onset date, showed a normal musculoskeletal and neurological examination, including a normal range of motion in her extremities and normal sensation. R. 678–79. Similarly, a physical examination dated March 13, 2018 showed normal ambulation with normal muscle tone, normal strength, normal movement of her extremities, and normal gait and station. R. 689–70, 693 & 696. A January 20, 2015 MRI of her cervical spine indicated some disk space narrowing with osteophyte formation, but no prevertebral soft tissue swelling. R. 683. Based on complaints of lower back pain, a lumbar spine MRI was done on April 29, 2016.

R. 671. The MRI showed grade I anterolisthesis with disk bulging, central spinal canal and foraminal stenosis, and early degenerative disc disease. R. 671. "No definite herniation or spinal stenosis [was] identified." R. 671.

Although Partridge contends that she meetings Listing 1.04 because of her diagnosis and treatment of stenosis of the lumbar spine (Doc. 12 at 17–19), a diagnosis is not enough to meet the requirements of Listing 1.04. Instead, she must establish one of the three criteria set out in A, B, and C. She has not done so. In fact, she has not pointed to any specific medical evidence that supports such a finding. When it is Partridge's duty to demonstrate that she meets the listing, the court will not scour the record for evidence that Partridge's condition satisfied one of these requirements. For these reasons, the court rejects Partridge's arguments[6] regarding the ALJ's finding that her impairments do not meet or equal Listing 1.04.

## C.    Past Relevant Work

The heading of Partridge's second argument is "The Finding that Claimant Can Perform Past Work Is Not Supported by Substantial Evidence and Is Not in Accordance with Proper Legal Standards." Doc. 12 at 19. The Commissioner argues (Doc. 15 at 10) and the court agrees that Partridge has abandoned her argument on

---

[6] Partridge's other arguments (Doc. 12 at 19) provide no legal or factual support. The court will not imagine the arguments for Partridge and deems these issues to have been abandoned. *Sapuppo*, 739 F.3d at 681. Even if the court were to consider the arguments, the court rejects them for the reasons stated by the Commissioner. Doc. 15 at 8.

this point. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines* Co., 385 F.3d 1324, 1330 (11th Cir. 2004). "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).

Other than identifying the issue, Partridge does not provide any analysis of the purported error identified in her initial brief. Instead, the brief employs block quotations, summarizes, or simply provides citations to cases in which various federal courts have remanded other cases for reevaluations of a claimant's past relevant work. Doc. 12 at 19–22. The brief thus does not provide any substantive analysis of the purported error. This perfunctory discussion does not give the Commissioner or the court any guidance about Partridge's argument aside from the simple fact that she claims error. This is insufficient. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

In apparent recognition of this lack of analysis, in her reply brief Partridge excerpted her hearing testimony "as summarized in the initial brief." Doc. 16 at 6–8. But Partridge still did not provide any meaningful analysis of how her testimony establishes an error on the part of the ALJ. This issue has been abandoned.

## D.    RFC Formulation

Partridge next argues that the ALJ's RFC finding is not supported by substantial evidence. Docs. 12 at 23–27 & 16 at 8–12. Specifically, she contends that the RFC is conclusory and violates Social Security Ruling ("SSR") 96-8p, 1996 WL 374184. The Commissioner contends that this argument lacks merit and overlooks certain of the ALJ's findings. Doc. 15 at 12–17. The court agrees.

SSR 96–8p regulates the ALJ's assessment of a claimant's RFC. Under SSR 96–8p, the "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. . . . Only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96–8p at 1. The regulation specifically mandates a narrative discussion of "the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describ[ing] the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96–8p at 6.

The Eleventh Circuit has held that an ALJ meets the requirements of SSR 96–8p by considering all of the evidence even when the ALJ could have been "more specific and explicit" in his or her findings with respect to a plaintiff's "functional limitations and work-related abilities on a function-by-function basis." *Freeman v. Barnhart*, 220 F. App'x 957, 959 (11th Cir. 2007); *see also Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009) (holding that an ALJ's RFC finding is sufficiently detailed despite lacking an express discussion of every function if there is substantial evidence supporting the ALJ's RFC assessment). In addition, the ALJ need not "specifically refer to every piece of evidence in his decision" as long as the decision allows the court to conclude that the ALJ considered the plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1211.

The court is satisfied that the ALJ complied with SSR 96-8p.[7] The decision includes a through discussion and examination of all of the evidence of Partridge's impairments, including the objective medical evidence, the longitudinal treatment history, her daily activities, and testimony and other statements concerning her alleged limitations. R. 232–36. The decision also explains the basis for the ALJ's

---

[7] Numerous opinions of courts sitting within this district have rejected a similar argument made by Partridge's attorney. *See, e.g.*, *Turley v. Comm'r of Soc. Sec.*, 2019 WL 1466260, at *6 (N.D. Ala. Apr. 4, 2019); *Morgan v. Comm'r of Soc. Sec.*, 2019 WL 1466259, at *4 (N.D. Ala. Apr. 3, 2019); *Ragland v. Comm'r of Soc. Sec.*, 2019 WL 1125573, at *7 (N.D. Ala. Mar. 3, 2019); *Brown v. Berryhill*, 2018 WL 5024086, at *6 (N.D. Ala. Oct. 17, 2018); *Washington v. Comm'r of Soc. Sec.*, 2018 WL 1403895, at *7 (N.D. Ala. Mar. 20, 2018); *Caves v. Berryhill*, 2018 WL 888885, at *5 (N.D. Ala. Feb. 14, 2018); *Hickman v. Berryhill*, 2018 WL 582438, at *4–5 (N.D. Ala. Jan. 29, 2018).

determination that Partridge could perform a reduced range of light work. R. 232–

36.  And Partridge's argument that the ALJ must rely on a physical capacities

evaluation from a treating or examining physician (Doc. 12 at 25) is unavailing.[8]

The RFC determination is an issue reserved to the Commissioner, and the ALJ is not

compelled to base his RFC finding on the opinion of a physician. *See* 20 C.F.R.

§§ 404.1546(c) & 416.946(c); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 486

(11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's

determination, and while a physician's opinion on the matter will be considered, it

is not dispositive.").  Accordingly, the court finds this argument to be without merit.

**E.     Subjective Complaints of Pain**

In addressing a claimant's subjective description of pain and symptoms, the

law is clear:

> In order to establish a disability based on testimony of pain and other
> symptoms, the claimant must satisfy two parts of a three-part test
> showing: (1) evidence of an underlying medical condition; and
> (2) either (a) objective medical evidence confirming the severity of the
> alleged pain; or (b) that the objectively determined medical condition
> can reasonably be expected to give rise to the claimed pain.  If the ALJ
> discredits subjective testimony, he must articulate explicit and adequate
> reasons for doing so.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted); *see*

---

[8] The court is not persuaded by Partridge's citation to *Thomason v. Barnhart*, 344 F. Supp. 2d 1326
(N.D. Ala. 2004), for the proposition that the RFC assessment is unsupported by substantial
evidence because there was no opinion evidence from a physician matching the limitations in the
RFC finding.  Again, the determination of a claimant's RFC is an administrative determination left
for the Commissioner and not one reserved for medical advisors. *See* 20 C.F.R. § 404.1546.

*also* 20 C.F.R. §§ 404.1529. If a claimant satisfies the first part of the test, the ALJ must evaluate the symptoms' intensity, persistence, and effect on the claimant's ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) & (d); 20 C.F.R. §§ 416.929(c) & (d). While evaluating the evidence, the ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence, including her history, medical signs and laboratory findings, and statements by medical sources or other sources about how her symptoms affect her. 20 C.F.R. §§ 404.1529(c)(4) & 416.929(c)(4). In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ is not required to conduct an explicit symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

The ALJ found that Partridge's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but her statements regarding the intensity, persistence, and limiting effects of these symptoms were not

entirely consistent with the medical evidence and other evidence in the record. R. 233. This determination is supported by substantial evidence.

The ALJ thoroughly examined the medical evidence in determining that Partridge's subjective complaints of pain were not entirely credible. R. 232–36. In discounting her subjective complaints, the ALJ specifically noted the following:

- Despite regularly reporting back and generalized joint pain, Partridge's physical examinations reflected generally normal musculoskeletal findings with normal gait and station. R. 542–43, 546–47, 608, 689–90, 692–63 & 696.
- The medical records indicate Partridge received conservative treatment with medication and steroid injections, and she reported improvement with the injections. R. 602 & 605.
- Her daily activities including cleaning, housework, driving, and shopping. R. 235, 455 & 458–59.
- Notwithstanding her reported inability to work, "she was reportedly simultaneously pursuing retraining for a different job position and making crafts to supplement her income." R. 235 & 696.

Based on this information, the ALJ found that Partridge's complaints of disabling pain were "somewhat inconsistent with the longitudinal record of evidence on exam, conservative treatment of her impairments and her own statements about her ability to engage in most of her daily activities of living." R. 235.

On this record, the court finds that the ALJ's conclusion about Partridge's subjective complaints of pain is supported by substantial evidence. Partridge's medical examinations were largely normal with few abnormalities and the treatment notes show evidence of improvement with medication and treatment. *See Belle v. Barnhart*, 196 F. App'x 558, 560 (11th Cir. 2005) (noting that normal findings on

examination support an ALJ's decision to discount subjective complaints); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."). Partridge's treatment and medication were conservative and noted to be effective by her doctors. Additionally, the record reflects that Partridge engaged in a somewhat normal level of daily activity. R. 455–60. Her daily activities further undermine her claim of disabling limitations. *See Meehan v. Comm'r of Soc. Sec.*, 776 F. App'x 599, 603 (11th Cir. 2019) (affirming ALJ properly found subjective complaint inconsistent with a record of simple daily activities).

Partridge does not address the ALJ's reasons for discounting her subjective complaints, but instead challenges the ALJ's assessment of her credibility based solely on her good work history. Doc. 12 at 27–29. Work history alone does not establish a plaintiff's credibility. *See Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (upholding ALJ's credibility determination despite plaintiff's good work history). Moreover, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015) (quoting *Dyer*, 395 F.3d at 1211); *see also Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808–09 (11th Cir. 2013) (holding that "the ALJ stated that

he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits").

Here, the court finds that the ALJ considered Partridge's medical condition as a whole in making his credibility determination. The ALJ properly found Partridge's allegations of severe pain and physical limitations not to be credible because they conflicted with the evidence of record, including evidence that she had normal physical examination findings, her condition improved with conservative treatment, she maintained her activities of daily living, and she could perform light work according the state agency medical consultant. R. 232–36. In sum, the ALJ correctly considered "the consistency of [Partridge's] statements" with the remainder of the evidence. *See* SSR 16-3p, 2017 WL 5180304, at *8. The ALJ's determinations are supported by substantial evidence and this claim is without merit.

## F. Vocational Expert's Testimony

Partridge's final argument is that the VE's testimony is not supported by substantial evidence because it was based on an inaccurate and incomplete hypothetical. Doc. 12 at 29–30. Specifically, Partridge contends that "the hypothetical question relied upon did not accurately state Claimant's pain level or her residual functional capacity," but instead assumed Partridge could perform light work. Doc. 12 at 29. The court disagrees.

"In order for a vocational expert's testimony to constitute substantial

evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007). Further, the ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec*., 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the ALJ found that the evidence demonstrated Partridge could perform her past relevant work as an office manager. R. 236. The ALJ's hypothetical questions to the VE fully accounted for Partridge's impairments and limitations, as demonstrated by the medical evidence of record. This is all that is required of the ALJ. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999); *McSwain v. Bowen*, 814 F.2d 617, 619–20 (11th Cir. 1987); *see also Borges v. Comm'r of Soc. Sec*., 771 F. App'x 878, (11th Cir. 2019) ("[B]ecause Borges's RFC, which is supported by substantial evidence . . . matched the ALJ's first hypothetical question at the hearing he did not need to rely on these more restrictive hypotheticals."). Other than her subjective complaints of pain, which the ALJ discredited, Partridge does not specify the information that the ALJ stated inaccurately or left out of the hypotheticals posed to the VE. The court has concluded that substantial evidence supports the ALJ's determinations with respect to her complaints of pain. Partridge has not challenged

any other portion of the hypotheticals posed to the VE. The court, therefore, concludes that the hypotheticals were not incomplete or inaccurate, and this claim is without merit.

## V. CONCLUSION

The Commissioner's decision is supported by substantial evidence and based upon the proper legal standards and the decision of the Commissioner is due to be affirmed. The Motion to Remand (Doc. 13) is due to be denied.

A final judgment will be entered separately.

DONE and ORDERED on July 16, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE